Matter of the Proceeding to Punish SAMUEL T.
STEPHENSON for. Contempt of Court in Violating the
Judgment Entered in an Action Wherein STEPHEN-
· SON MANUFACTURING COMPANY was Plaintiff, and said
SAMUEL T. STEPHENSON and Others were Defendants.

|Supreme Court, Albany Special Term, April, 1914.)

Injunction — violation of, must be measured by its terms — motion to
punish for contempt, when denied.

The conduct of one charged with a violation of an injunc-
tion must be measured by its terms, having in view the pur-
pose for which it was granted, and its provisions will not be
enlarged by construction or implication in order to hold him
guilty.

Where, on a closely litigated trial of the right of defendant
to use the word " Stephenson " and the words " Stephenson's
Bar Belt Dressing " upon packages containing the dressing,
defendant was successful and not restrained by the judgment
in plaintiff's favor from the use of his own name in business,
but by which judgment he was restrained " from manufac-
turing, advertising, offering for sale or selling a bar belt
dressing either in the form of a cylindrical bar or in any form
similar to packages of the following description, viz.: ' cylin-
drical bars about 10¾ inches in length and 1¾ inches in
diameter ' " and from " manufacturing, advertising, selling or
offering for sale a bar belt dressing in wrappers bearing yellow
or red colors or any shade of either," and thereafter he manu-
factures and sells his commodity done up in packages of an
oval shape with two sides distinctly flattened and being from
one-half to three-quarters of an inch longer than plaintiff's
packages, the packages having light pink covers with blue
printing upon them, and defendant denied he wilfully or in
any way violated the injunction, a motion to punish him for
alleged contempt will be denied.

MOTION to punish defendant for alleged violation of
an injunction.

Supreme Court, April, 1914.          [Vol. 85.

Countryman, Nellis, Du Bois & McDermott (Merwyn H. Nellis, of counsel), for petitioners.

Lester T. Hubbard, for defendant.

CHESTER, J.    The Stephenson Manufacturing Company has secured a judgment restraining the defendant Samuel T. Stephenson '' from manufacturing, advertising, offering for sale or selling a bar belt dressing either in the form of a cylindrical bar or in any form similar to packages of the following description, viz.: ' cylindrical bars about 10¾ inches in length and 1¾ inches in diameter ' '' and '' from manufacturing, advertising, selling or offering for sale a bar belt dressing in wrappers bearing the yellow or red colors or any shade of either.'' The judgment containing this injunction was obtained after the trial of the action before the court.

On the trial questions of the right of the defendant to use the word '' Stephenson '' and the words '' Stephenson's Bar Belt Dressing '' upon the packages containing the dressing were closely litigated.    On these issues the defendant was successful and he was not restrained in the judgment from the use of his own name in conducting this business.

The purpose of the action and of the injunction was to prevent unfair competition between the parties with respect to the commodity in question.    The packages containing the commodity prepared by the petitioner, the plaintiff in the suit, were cylindrical in form, were inclosed in yellow wrappers having red printing thereon and were ten and three-quarters inches in length and one and three-quarters inches in diameter. The plaintiff was seeking in the suit to prevent the defendant from marketing his commodity in that form so

Misc.]            Supreme Court, April, 1914.

as to deceive the unwary purchaser into the belief that he was procuring the commodity manufactured by the plaintiff.

It is claimed here that the defendant has willfully violated the injunction and the petitioner asks that he be punished as for a contempt of court for such violation. The defendant denies that he has willfully or in any other way violated the injunction.

It appears that since the injunction he has been manufacturing and selling his commodity done up in packages of an oval shape with two sides distinctly flattened and being from a half to three-quarters of an inch longer than the petitioner's packages. They were about two inches thick upon one diameter and one and one-half inches thick upon a diameter at right angles with the first measurement. They were done up in wrappers having light pink covers with blue printing upon them.

The petitioner insists that an oval package is a cylindrical one and that the light pink paper is a shade of red and therefore that the defendant has been guilty of a violation of the injunction. I am unable to agree with this claim in either respect. The packages are so dissimilar in appearance that they are not calculated to deceive an unwary purchaser. Counsel on both sides have exhausted the definitions found in the dictionaries and encyclopedias in an effort to show on the one side that under these definitions a package with oval or elliptical ends is one cylindrical in form and that light pink is a shade of red, and on the other to show the contrary. I need not take the time to review the numerous definitions brought to my attention. It is sufficient to say that none of them convinces me, within the meaning and purpose of the injunction, that

an oval or an ellipse with flattened sides is a cylinder or circle or that pink is red or a shade of red.

I should not on this application enlarge by construction or implication the provisions of the injunction beyond its express terms in order to hold the defendant guilty of a violation thereof. His conduct must be measured by the terms of the injunction as it is and having in view the purpose for which it was made.

With this in view it is apparent that there has been shown no willful intent on the part of the defendant to violate the injunction.

On the contrary since the injunction the defendant has modified his packages to make them altogether dissimilar from those he formerly made and from those made by the petitioner. He has changed their size and shape as well as the color of the wrapper and of the printing thereon so that no one could be deceived into the belief that his packages were the ones made by the petitioner.

For these reasons the motion is denied, with ten dollars costs.

Motion denied, with ten dollars costs.